**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeffrey Schlotzhauer,<br><br>    Plaintiff,<br><br>v.<br><br>City of Safford Police Department, et al.,<br><br>    Defendants. | No. CV-24-00565-TUC-JCH (P)<br><br>**ORDER** |

On April 23, 2025, the Court dismissed Plaintiff's First Amended Complaint (Doc. 1-3) but granted him 30 days' leave to file an amended complaint addressing the identified deficiencies. Doc. 23 at 16–17. It has been more than two months since the May 23 deadline to amend, but Plaintiff has taken no action. *See generally* Docket.

Plaintiffs have a general duty to prosecute their case. *Fidelity Philadelphia Trust Co. v. Pioche Mines Consolidated, Inc.*, 587 F.2d 27, 29 (9th Cir. 1978). A federal district court has the power to dismiss a case sua sponte for failure to prosecute. *Link v. Wabash R. Co.*, 370 U.S. 626, 629-31 (1962).

To determine whether Plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

Here, the first and second factors favor dismissal. Plaintiff's lack of action in this matter has prevented the case from moving forward. On April 23, 2025, the Court granted Plaintiff leave to amend his complaint, but he did not do so, and the case has lain dormant since. The third factor also weighs in favor of dismissal because unreasonable delay creates a presumption of injury to the defense. *Henderson*, 779 F.2d at 1423. The fourth factor typically weighs against dismissal. However, here, the Court has already addressed and adjudicated significant portions of this case on the merits. *See* Doc. 23. Further, although the Court granted leave to amend certain claims, insofar as those remaining claims are grounded in sovereign citizen ideology, they are likely to be meritless.[1] The fifth factor requires the Court to consider whether a less drastic alternative is available. Alternative sanctions appear futile here. Plaintiff has taken no action in this matter since February 6, 2025. No less-drastic alternative than dismissal is warranted under these circumstances. The *Henderson* factors weigh in favor of dismissal.

Accordingly,

**IT IS ORDERED** that this action is **dismissed** for failure to prosecute. The Clerk of Court is directed to enter judgment accordingly and close this case.

Dated this 29th day of July, 2025.

_____
John C. Hinderaker
United States District Judge

---

[1] Arguments based on sovereign citizen ideology have been "consistently and thoroughly rejected by every branch of the government for decades. . . . [and] advancement of such utterly meritless arguments is now the basis for serious sanctions imposed on civil litigants who raise them." *United States v. Studley*, 783 F.2d 934, 937 n.3 (9th Cir. 1986).